# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—DECEMBER TERM, 1889.

### WILLIAM MOONEY
### v.
### MICHAEL MORIARTY.

*Homestead—Assignment—Practice—Execution—Evidence*—Res Adjudicata.

1.   Objections can not be raised for the first time in this court, which, if raised below, could have been obviated by proof or amendment.

2.   An execution is not defective in not showing the date of the judgment.

3.   The affidavit of the judgment debtor is not sufficient to contradict the sheriff's return that the commissioners summoned to set off the debtor's homestead were householders.

4.   The amount of the homestead depends on the statute in force at the time it is set off.

5.   A homestead which has been once set off, may, upon increase of the property in value, again be subject to assignment and division.

6.   On motion by plaintiff in error to set aside an execution and sale of land which was claimed as his homestead and sold by him with warranty before the levy, it is held that he is bound by a decree in a suit to enjoin the sale, brought by his grantee and prosecuted in their joint interest.

[Opinion filed May 28, 1890.]

IN ERROR to the Circuit Court of Whiteside County; the Hon. WM. BROWN, Judge, presiding.

(175)

Messrs. MANAHAN & WARD, for plaintiff in error.

Messrs. J. & J. DINSMOOR, for defendant in error.

C. B. SMITH, J.   This writ of error is prosecuted from a judgment of the Circuit Court of Whiteside County in refusing to set aside an execution and sale of a part of Lot 1, in Block 44, in the city of Sterling.

In 1878, and prior thereto, the plaintiff in error, William Mooney, owned, and with his family resided on the whole of the above described Lot 1.   About that time one R. L. Managen obtained a judgment and had execution issue against plaintiff in error, Mooney.   Such proceedings were had under that judgment as resulted in the east 40 feet of Lot 1 being sold to satisfy Managen's execution, and the remaining 95 feet of the lot being set off to Mooney for his homestead under proceedings regularly had in the Circuit Court for that purpose.   After Mooney's homestead had been so set aside and given him, he, with his family, continued to reside on the west 95 feet of the lot until the 12th day of April, 1883, when he sold it to Thomas A. Galt, and executed to Galt a warranty deed.   Prior to this conveyance of this lot to Galt in 1878, Michael Moriarty, defendant in error, obtained a judgment against plaintiff in error for about $400, and on the 23d of February, 1883, had an execution issued on said last named judgment.   On the 15th day of April, 1883, three days after the sale to Galt, the sheriff levied his execution on the 95 feet sold to Galt, and advertised the same to be sold on the 11th day of May, 1883.

Thereupon Galt filed a bill against the sheriff and obtained a temporary injunction enjoining him from selling the property.

The grounds upon which the injunction was claimed in the bill were that the premises were the homestead of Mooney at the time of the sale to Galt, and that under the statute he had a right to sell it unaffected by the judgment.   Issue was joined on this bill and upon a final hearing the injunction was made perpetual.   An appeal from this decree was taken first to the Appellate Court of the First District and from thence to the

Supreme Court, where the decrees of the Circuit and Appellate Courts were reversed and the cause remanded. (112 Ill. 377.)

After the cause was remanded, and further hearing had, the injunction was dissolved and the bill dismissed. Galt's efforts then, to prevent this sale upon his bill, failed. Mooney himself swears that this bill was prosecuted in Galt's own name by agreement with and partly in the interest of him, the said Mooney, for the purpose of preventing the sale, and for protecting Mooney's warranty. After this injunction was dissolved the sheriff then proceeded to sell the land, and the claim of homestead then again being made, the sheriff proceeded under the statute to set off the homestead of Mooney, and summoned three householders, who, after being duly sworn, went on the premises and set off all of the 95 feet except the east 40 feet for the homestead of Mooney, or as such homestead, which he had a right to convey to Galt free from the lien of the judgment at the time it was conveyed.

The sheriff then sold the east 40 feet of the lot in satisfaction of his execution, and made return on his execution in what manner he had executed his writ and set off the homestead; the oath and report of the commissioners are returned with the execution.

At the next term of court Mooney, plaintiff in error, appeared in court and entered his motion to set aside the sheriff's sale. Upon hearing the court overruled the motion, and from that order this writ is prosecuted, and a reversal asked on two distinct grounds.

1. That the execution was a nullity because it had no date of any judgment. This cause was not set out in the written motion filed below, nor made one of the grounds for impeaching and vacating the sale below. It is raised here for the first time. This point comes too late. It is a well settled rule that parties will not be permitted to raise objections here for the first time, when, if they had been raised below, the objection could have been obviated by proof or amendment. Dobbins v. The First Nat. Bank, 112 Ill. 566. But this execution was not void. 2. If it was defective in wanting a date to

the judgment, it could have been amended by the judgment either before or after sale. Durham v. Heaton, 28 Ill. 264.

It is objected that one of the commissioners summoned by the sheriff to set off the homestead was not a householder as required by the statute. The only evidence to contradict the sheriff's return on that point was the affidavit of Mooney himself. We do not regard that evidence as sufficient alone to overcome the return of the officer acting under his official oath and obligations. The return of public officers made in the line of and discharge of their official duty ought not to be set aside, except upon very clear and satisfactory proof that they are not true. We have examined the numerous objections urged against the validity of this sale, and the regularity of the proceedings of the sheriff and commissioners in setting off the homestead, and are not able to find any such error as to affect either the fairness or the legality of the proceedings.

It is urged that the plaintiff in error had a right to a homestead of the value of $1,500 at the date this allotment or assignment was made, and that a homestead of but $1,000 was set off to him. We are not able to appreciate the force of this objection. The act of 1873 repealed the former act of 1872 giving a $1,500 homestead and reduced it to $1,000. The judgment was not taken against Mooney until in 1878 and the sale made in 1885. This claim of a $1,500 exemption is placed on the ground that Mooney occupied this lot as a homestead in 1872, when the $1,500 homestead exemption was in force, and that from that time and by virtue of that statute, he had a vested right of homestead which the subsequent act of 1873 could not take from him. There is no vested right growing out of a public law conferring favors or benefits upon the citizens when no element of contract or grant arises out of a statute. All such laws may be changed or repealed at any time according to the will of the State. Dobbins v. First Nat. Bank, 112 Ill. 566; Cooley Const. Lim. Sec. 479. The statute creating and giving the exemption or conferring rights at the time the exemption is claimed is the one that always governs the amount and the conditions upon which it is conferred. Henson v. Moore, 104 Ill. 403.

It is also insisted that the homestead having been once set apart to plaintiff in error, that its status thereupon became fixed as a permanent homestead, not again to be a subject of re-assignment and division, and that the court erred in allowing it to be assigned and divided a second time.

Numerous cases from other States are cited in support of this contention. Whatever rights may be conferred upon the citizen of such other State under exemption statutes, it is clear to us that such a claim can have no foundation in reason or authority in this State. In growing States, cities, towns and communities, property which is to-day worth but $1,000 may next year be worth $5,000. In some of the larger cities of the State the growth in value of real estate has been such that a thousand dollars worth of property only a few days ago, is now worth many thousands. Stubblefield v. Graves, 50 Ill. 103; Moriarity v. Galt et al., 112 Ill. 373.

Again, plaintiff in error admits in his affidavit that Galt prosecuted the chancery suit in their joint interest. Nothing that was involved in and adjudicated in that suit in relation to this sale and assignment of homestead, can now be again litigated in this motion by any one that was a party or privy to that suit. They are both bound by it. Freeman on Judgments, Secs. 162, 174 and 176; Cole v. Favorite, 69 Ill. 457.

Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*