Adaline R. Reames for use of Louis B. Rastede, Appellee, v. Phineas Morrow, Appellant.

Gen. No. 5,990.

1. HOMESTEAD, § 30*—*when exemption may be claimed in different lots.* Where a person owned and lived upon two half city lots with a dwelling house on one and fruit trees and a garden on the other, *held* that his homestead extended to both lots.

2. HOMESTEAD, § 27*—*when incumbrance deducted in determining value of homestead.* The amount of a mortgage is to be deducted from the value of property in determining the value of a homestead.

3. HOMESTEAD, § 33*—*claiming exemption in proceeds of sale as direction to apply on incumbrance portion arising from nonexempt land.* Claiming the proceeds of the sale of a homestead and nonhomestead lands as exempt after the payment of a mortgage thereon is equivalent to a direction that the proceeds from the nonexempt portion should be first applied in payment of the incumbrance.

4. HOMESTEAD, § 99*—*when waiver of homestead not available to simple contract creditor.* The waiver of a homestead exemption in a portion of incumbered lands does not extend to the benefit of a simple contract creditor, and the homesteader may under section 4 of the Exemption Act (J. & A. ¶ 5574) require the proceeds to be first applied in satisfaction of the incumbrance.

Appeal from the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of facts. Opinion filed January 6, 1915. Rehearing denied June 22, 1915.

JOSEPH L. SHAW, for appellant.

HARRY E. BROWN, for appellee; BARTLETT S. GRAY, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Louis B. Rastede, a merchant, sued Adaline R. Reames and her husband before a justice of the peace to recover for a store bill and had a judgment for $54.57 and costs. He began the suit by attachment and summoned Phineas Morrow as garnishee and had a judgment against him, and Morrow appealed to the Circuit Court. There the case was tried without a jury on ·a stipulation of facts and there was a finding and a judgment against the garnishee, from which he appealed. In resisting, the garnishee is acting under the direction of Mrs. Reames, who is claiming the money in his hands as exempt from execution and attachment as proceeds of her homestead.

Mrs. Reames owned the south half of Lots 1 and 2 in a certain block in the city of Geneseo and lived there with her husband and her minor children by a former husband. These two half lots were not inclosed by a fence and there was no division fence between said two half lots. The house and out buildings were on the south half of Lot 1. The south half of Lot 2 was used for growing trees and for garden purposes by Mrs. Reames and her husband. She sold these premises on November 24, 1913, for $1,200. The south half of Lot 1 was worth $1,025 and the south half of Lot 2 was worth $175. The purchase money was placed in the hands of Morrow and he was therefrom to pay a mortgage resting upon all of said premises, and to pay the balance to Mrs. Reames. The writ of garnishment was then served upon Morrow. He paid the mortgage and there was then left $736 in his possession. It is the theory of appellee that the south half of Lot 1 only was homestead and exempt, because said south half of Lot 1 was worth over $1,000 and therefore the homestead could not extend to the south half of Lot 2; that the mortgage should be paid pro rata out of the value of Lot 1 and out of the value of Lot 2; and that there would then be left in the hands of Morrow out of the price paid for Lot 2 a

sufficient sum to pay appellee's judgment against Mrs. Reames and the. costs, and such seems to have been the view of the trial court. We are unable to concur in this conclusion. The entire premises were occupied as a homestead, the part used for fruit trees and the garden being naturally a part of the homestead, and we think it settled law that the incumbrance is to be deducted from the value of the real estate in determining the value of the homestead. *Imhoff v. Lipe,* 162 Ill. 282, 286; *Brokaw v. Ogle,* 170 Ill. 115, 121; *Kilmer v. Garlick,* 185 Ill. 406, 412; *Garwood v. Garwood,* 244 Ill. 580, 587. It follows that the entire premises, after deducting the mortgage, were only worth $736, and they were therefore a homestead and that sum was exempt from execution. If, however, the south half of Lot 2 be treated as not homestead, and as of the value of $175, we are of opinion the same result would follow. Mrs. Reames directed Morrow to claim this $736 as exempt by virtue of the Homestead Exemption statute. That was equivalent to directing that the proceeds of the sale of the south half of Lot 2 be first applied in payment of the mortgage. We are of opinion that though she waived her homestead in the mortgage, that waiver did not extend to the benefit of this simple contract creditor, and that as to him she had a right to require the proceeds of the south half of Lot 2 to be first applied in payment of the mortgage, under section 4 of the Exemption Act as amended in 1887 (J. & A. ¶ 5574), and all that would be left after the mortgage was paid would be a part of the proceeds of the south half of Lot 1, and exempt from this attachment. The judgment is therefore reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment. We find that the money in the hands of appellant, after the payment of the mortgage upon the real estate involved in this case, was proceeds of the

homestead of Adaline R. Reames and exempt from attachment, under sections 1 and 6 of the Homestead Exemption Act. (J. & A. ¶¶ 5571, 5576.)