(No. 20641.

Fred E. Hummel, Trustee in Bankruptcy, Appellee, *vs.* Berthold Villmow *et al.* Appellants.

*Opinion filed December 17, 1931—Rehearing denied Feb. 3, 1932.*

WILLIAM GILLESPIE, for appellants.

BYRON TYLER, (H. W. HOUSUM, and JOHN F. DENIS-SEN, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Fred E. Hummel, as trustee in bankruptcy of the estate of Berthold Villmow, a bankrupt, filed a bill in the circuit court of Cook county to set aside as fraudulent a deed by which the bankrupt and Annie Villmow, his wife, conveyed a parcel of real estate to the latter and to compel a conveyance of their interest in the same parcel, exclusive of the homestead estate, to the complainant. A joint and several answer by the bankrupt and his wife, denying the material allegations of the bill, and a replication to the answer were

filed. The cause was referred to a master in chancery who heard the evidence, reported his conclusions and recommended a decree in conformity with the prayer of the bill. Objections and exceptions to the master's report were overruled and a decree as recommended was entered. From that decree the defendants Berthold Villmow and Annie Villmow, his wife, prosecute this appeal.

By a warranty deed dated September 1, 1904, Frank J. Weber and Nellie C. Weber, his wife, conveyed to Berthold Villmow the south thirty-three feet of lot 6 in block 7 of Ravenswood, known as 4630 North Hermitage avenue, in the city of Chicago. The purchase price was $6500. Of this sum $3000 was represented by an existing incumbrance which the grantee assumed, and $1400 by the latter's purchase money notes, payable at the rate of $100 quarterly and secured by a trust deed to Henry G. Zander. These incumbrances were released respectively on June 23, 1908, and March 22, 1907. On August 18, 1910, Berthold Villmow and Annie Villmow, his wife, executed a trust deed to the First Trust and Savings Bank to secure the payment of an indebtedness of $3000. This trust deed was filed for record on the day after it was executed.

Prior to May 28, 1915, Berthold Villmow had been employed by the Miller Gas and Vacuum Engine Company, a corporation, as a machinist. On that day he purchased from Barney J. Miller and Joseph J. Miller one-third of the shares of the capital stock of the corporation and was elected its secretary and treasurer. Unable to pay for the shares of stock in money, he executed two notes dated May 28, 1915, each for $2000, one payable to the order of Barney J. Miller and the other to the order of Joseph J. Miller, and both due on or before five years after their date with interest at six per cent per annum, payable semi-annually. Certificates for the shares of stock purchased were pledged by the maker of the notes to secure their payment. The notes remained unpaid on January 20, 1922,

and on that day Villmow signed two new notes, each for $2797.73, payable on or before three years after their date and also bearing interest at six per cent. The new notes represented the principal and accrued interest owing on the notes originally executed and were substituted for them. In the meantime the name of the corporation had been changed from the Miller Gas and Vacuum Engine Company to the Miller Engine Company. The corporation was adjudged a bankrupt on October 14, 1922.

On October 24, 1922, ten days after the bankruptcy of the Miller Engine Company had been declared, Villmow and Annie, his wife, executed a warranty deed by which they purported to convey the premises in question to Annie Villmow, one of the grantors. The deed was filed for record on the same day. At the time of this conveyance Villmow was indebted not only to Barney J. Miller and Joseph J. Miller upon the notes he had given them, but also to other persons in various sums the total of which exceeded $1125. Joseph J. Miller instituted suit in the circuit court of Cook county upon the note he held, and on January 7, 1927, recovered judgment against Villmow for $3741.66. Shortly thereafter, on January 19, 1927, Villmow filed his petition to be adjudged a bankrupt in the United States District Court for the Northern District of Illinois. His schedules disclosed liabilities, including the judgment recovered by Joseph J. Miller and the note held by Barney J. Miller, aggregating $10,928.66, and assets not to exceed his exemption. He was adjudged a bankrupt and Fred E. Hummel was appointed trustee in bankruptcy of his estate.

Additional evidence introduced on behalf of the appellee shows that when Villmow bought the shares of stock he did not have the money to pay for them; that he represented he owned his home and when asked to mortgage it to secure payment of the purchase price of the shares, he answered that it was already incumbered for $3000; that

it was then proposed that he might pay for the shares by the application upon the purchase from time to time of a part of his earnings and that he accepted the proposition; that about a week after the petition in bankruptcy against the Miller Engine Company had been filed, Villmow inquired of Barney J. Miller whether, to satisfy the former's notes, recourse might be taken to the property because he held the title to it; that an attorney advised Villmow to convey the property to his wife and the transfer was effected; that the conveyance was made without consideration and after Villmow had held the title for eighteen years; that he was insolvent when he delivered the deed and that his wife, the grantee, had knowledge of his insolvency.

The substance of the evidence introduced on behalf of the appellants is as follows: Prior to the purchase of the premises in question, Villmow, his wife and infant daughter, lived in an apartment in Chicago. Their support was derived from Villmow's earnings of $30 to $35 per week. The child was in poor health and her maternal grandmother desired that she have a home with a yard in which to play, and promised financial assistance to that end. The premises at 4630 North Hermitage avenue were accordingly purchased and the sums of $300, $300 and $1000, which Annie Villmow had borrowed from her mother, from Catherine Sprangling, and from one Carlson respectively, all since deceased, constituted the initial payment upon the purchase price. Succeeding payments were made as they became due out of money lent by the grandmother. The money borrowed was re-paid by Annie Villmow. The grandmother died in 1909, leaving an estate of approximately $7000 which Mrs. Villmow, as the sole heir, subsequently received. The remainder of the purchase price was paid out of her inheritance. In order that the title to the property might be vested in Annie Villmow, an attorney, pursuant to request, prepared two deeds, one dated January 12, 1922, from Villmow and his wife to Eleanor Kneip, and the other

dated January 19, 1922, from Eleanor Kneip and her husband to Villmow and his wife in joint tenancy. These deeds were executed by the respective grantors but were never filed for record. The deed to Annie Villmow dated October 24, 1922, was substituted for the deeds of January 12, and 19, 1922. Annie Villmow testified that, at the times these deeds were executed, she did not know that her husband had any liabilities.

The appellants, in varying phraseology, urge ten contentions for a reversal of the decree. These contentions may be reduced to four, of which one is that the circuit court erred in finding that the appellant Annie Villmow failed to establish her asserted equitable ownership of the premises. A resulting trust arises in favor of a person who pays the purchase money or some definite part of it and is created, if at all, at the time the deed is taken and on the facts then existing. It does not arise from any contract or agreement of the parties, but is created, by implication of law, from the two facts of payment of the purchase money by one and the conveyance of the title thereby purchased to another. (*Metropolitan Trust and Savings Bank* v. *Perry,* 259 Ill. 183; *Lord* v. *Reed,* 254 id. 350; *Keith* v. *Miller,* 174 id. 64; *Dick* v. *Dick,* 172 id. 578; *VanBuskirk* v. *VanBuskirk,* 148 id. 9; *Furber* v. *Page,* 143 id. 622; *Reed* v. *Reed,* 135 id. 482). The burden of proof is upon the party seeking to establish a resulting trust, and he must prove, by clear, strong and unequivocal evidence, that the alleged *cestui que trust* paid the purchase price. *Metropolitan Trust and Savings Bank* v. *Perry, supra; Lord* v. *Reed, supra; Koster* v. *Miller,* 149 Ill. 195; *VanBuskirk* v. *VanBuskirk, supra.*

Annie Villmow made no claim to a resulting trust in the property in question until there was danger that it might be applied in or toward the satisfaction of her husband's debts. No written instrument showing that the property was purchased by or on behalf of Mrs. Villmow, or that

she paid or borrowed any money for the purpose of making the purchase or that she re-paid any money so borrowed was introduced in evidence. Berthold Villmow, her husband, appeared to be the purchaser for the deed was made to him; he assumed payment of the existing incumbrance; he alone executed the purchase money trust deed and notes and he retained the title from September 1, 1904, until October 24, 1922, a period of more than eighteen years. Only after a petition in bankruptcy had been filed against the Miller Engine Company and the shares of stock held as collateral security for the payment of Villmow's notes had apparently become worthless did he part with the title to the property by making the conveyance to his wife. The claim that it was proposed in January, 1922, to vest the title in Mrs. Villmow is not convincing for the two deeds dated January 12, 1922, and January 19, 1922, which, it is said, were executed but never filed for record, would, if executed and delivered, have vested the title in Villmow and his wife in joint tenancy and not in his wife alone. The evidence fails to show that Annie Villmow paid the purchase price at the time the property was conveyed to Berthold Villmow on September 1, 1904, and consequently a resulting trust in favor of Annie Villmow was not established.

Another contention is that the appellant Annie Villmow is not precluded from asserting and retaining the legal title to the property. A married woman may have a resulting trust in real property, yet if she represents to the world that her husband is the owner of the property, or if she permits him to act with respect to it in such a manner as to induce others to believe him to be the owner, third persons extending credit to him on the strength of such belief will be protected. The wife cannot, in such a case, assert a resulting trust to defeat the claim or lien of one who extended credit to the husband on the faith of his apparent title and without notice of the wife's equity. (*Frewin* v. *Stark,* 319 Ill. 35; *Smith* v. *Willard,* 174 id. 538;

*Hauk* v. *VanIngen,* 196 id. 20; *Hockett* v. *Bailey,* 86 id. 74). Even assuming that the appellant Annie Villmow had a resulting trust in the property, yet she knowingly permitted the title to remain of record in her husband for eighteen years, during which period, through his apparent ownership of the property, credit was extended to him and he incurred obligations which remain unsatisfied. She cannot, by taking title in herself, place the property beyond the reach of her husband's creditors. The conveyance, made without consideration and at a time when he was insolvent, was, as against his creditors, fraudulent and void.

It is further contended that the evidence fails to disclose the value of the property or that the creditors of Berthold Villmow have any interest in it. The property was purchased in the year 1904 for $6500. There was evidence that nine years later it was worth $10,000 or $12,000. The chancellor found from the evidence that the value of the property was in excess of $1000 over and above the incumbrance upon it. The evidence sufficiently showed that the equity of redemption in the property exceeded in value the homestead estate, and the excess is subject to the claims of creditors. *Young* v. *Morgan,* 89 Ill. 199.

The final contention is that declarations by Berthold Villmow, one of the grantors, respecting his ownership of the property, made out of the presence of Annie Villmow, the grantee, were inadmissible. Apart from these declarations, sufficient competent evidence was introduced to sustain the decree. In such a situation, it will be presumed on appeal that the chancellor considered only the competent, and disregarded the incompetent, evidence, and the findings of the master approved by the chancellor will not be disturbed. *Murphy* v. *Sampson,* 342 Ill. 305; *Smith* v. *Simth,* 340 id. 373; *Lingle* v. *Bulfer,* 322 id. 606.

The decree of the circuit court is affirmed.

*Decree affirmed.*