(No. 20209.

BEATRICE F. ERLINGER, Appellee, *vs.* ALBERT R. FREED, Appellant.

*Opinion filed February 19, 1932—Rehearing denied April 7, 1932.*

ORR, J., dissenting.

Harold O. Mulks, for appellant.

Louis Greenberg, for appellee.

Mr. Justice DeYoung delivered the opinion of the court: \

Beatrice F. Erlinger filed a bill in the superior court of Cook county against Albert R. Freed and Bernard W. Snow as bailiff of the municipal court of Chicago to set aside a certain bailiff's deed and to declare the complainant to be the sole owner of the real estate described in the deed. The defendants answered the bill, the cause was referred to a master, and a decree in conformity with the prayer of the bill, recommended by the master, was entered. Freed prosecutes this appeal.

In the year 1919, Beatrice F. Erlinger and Henry A. Erlinger acquired the title, as joint tenants, to a parcel of real estate known as 7354 Yates avenue, in the city of Chicago. The ground is improved by a two-story building containing two apartments, one of which Erlinger, his wife and son have occupied for thirteen years. On October 29, 1926, the Calumet Coal Company recovered a judgment against Erlinger in the municipal court of Chicago for $440.94 and costs. An execution was issued on the judgment and levied upon the premises occupied by the judgment debtor. He claimed an estate of homestead in the property, and the bailiff of the municipal court, in accordance with section 10 of the Homestead act, (Cahill's Stat. 1931, p. 1437; Smith's Stat. 1931, p. 1485) summoned three householders as commissioners to appraise the premises. They reported that the property was worth $18,000; that it was incumbered for $13,500 and that it could not

be divided. The bailiff delivered to Erlinger a copy of the report with a notice that unless he paid the sum due on the execution, out of the surplus in excess of $1000, within sixty days, he, the bailiff, would proceed to sell the premises. No payment was made and on July 27, 1927, the bailiff sold Erlinger's interest to the Calumet Coal Company for $503.16 and delivered the certificate of sale to the purchaser. Shortly thereafter, on August 6, 1927, Erlinger, by a quit-claim deed, conveyed all his interest in the property to his wife, the appellee. This conveyance was made without consideration.

Subsequently, on January 20, 1928, the Bureau of National Literature recovered a judgment against Erlinger in the municipal court of Chicago for $72 and costs. The judgment was assigned to the appellant, who on August 21, 1928, by causing the issuance of an execution and the making of a levy, and by depositing $535.43 with the bailiff, effected a redemption from the sale to the Calumet Coal Company. The bailiff filed a certificate of the redemption in the recorder's office and advertised Erlinger's share for sale under the execution. No sum greater than the amount of the money deposited with interest and costs was bid at the sale, and the bailiff accordingly struck off and conveyed the judgment debtor's share to the appellant. The deed was filed for record on September 25, 1928, and it is this deed against which the appellee's bill is directed.

Erlinger paid the Calumet Coal Company $333.26 on July 26, 1928, and $202.20 on October 4, 1928. The first of these payments was made before, and the second after, the appellant made the redemption from the bailiff's sale. The coal company delivered the bailiff's certificate of that sale to Erlinger and also gave him a receipt for the money he paid it. The certificate was assigned to Erlinger's attorney, and the latter, on October 10, 1928, surrendered it to the bailiff and received from him $535.43, the money deposited by the appellant to make the redemption.

The master and the chancellor found that Erlinger was entitled to an estate of homestead in the premises; that the sale to the Calumet Coal Company was void because it was made for less than the value of the homestead; that the bailiff, by accepting the redemption money deposited by the appellant, making a subsequent levy and sale, executing a bailiff's deed and paying the redemption money to Erlinger's attorney did not validate the sale to the Calumet Coal Company, and that the bailiff's deed to the appellant was void and conveyed no title to him. Upon these grounds the appellee seeks to sustain the decree.

By section 1 of the Homestead act (Cahill's Stat. 1931, p. 1436; Smith's Stat. 1931, p. 1483), the estate of homestead to the extent in value of $1000 is exempted from attachment, judgment, execution, levy or sale, except as prescribed in subsequent sections of the act. Section 10 provides that if, in the opinion of the creditor or officer holding an execution against a householder, the premises claimed by him or her as exempt are worth more than $1000, the officer shall summon three householders, as commissioners, who shall, upon oath, to be administered to them by the officer, appraise the premises, and if, in their opinion, the property may be divided without injury to the interest of the parties, they shall set off so much of the premises, including the dwelling house, as in their opinion, shall be worth $1000, and the residue of the premises may be advertised and sold by the officer. Section 11 provides that in case the value of the premises, in the opinion of the commissioners, shall be more than $1000, and the premises cannot be divided, the commissioners shall make and sign an appraisal of the value, and the officer shall deliver to the execution debtor a copy of the appraisal with a notice attached that, unless the debtor shall pay to the officer the surplus above $1000 on the amount due on the execution, within sixty days thereafter, the premises will be sold. By section 12 it is provided that in case such surplus, or the

amount due on the execution, shall not be paid within the sixty-day period, the officer may advertise and sell the premises, and out of the proceeds of the sale pay to the execution debtor the sum of $1000 and apply the balance on the execution. Section 9 provides that no sale of the premises shall be made on execution unless a greater sum than $1000 is bid and that, if a greater sum is not bid, the execution may be released as for want of property.

The three commissioners summoned by the bailiff of the municipal court reported that the property in question was worth $18,000 and that it was incumbered for $13,500. The appellee and her husband had an estate of homestead in the premises and the value of their interest, above the incumbrances and the homestead, was therefore $3500. Of this interest Erlinger, at the time the Calumet Coal Company recovered the judgment against him, owned an undivided one-half and his share was subject to the lien of the judgment and consequent levy and sale.

Assuming that the sale by the bailiff on July 27, 1927, was void, as the appellee argues, because the bid, less than $1000, did not meet the requirements of sections 9 and 12 of the Homestead act, yet the validity of the judgment, upon which the sale was based, is not assailed. The judgment was rendered on October 29, 1926, by a court which had jurisdiction of the subject matter and of the parties and, upon its rendition, became a lien upon Erlinger's interest in excess of the homestead estate. An execution was issued on the judgment on November 4 and levied on the premises in question on November 23, 1926. The judgment therefore continued to be a lien, unless satisfied, for the period of seven years from the time it was rendered. When the husband of the appellee, by the quit-claim deed dated and filed for record August 6, 1927, conveyed his interest to her, she acquired that interest to the extent that it exceeded the value of his estate of homestead, subject to the lien of the judgment.

Erlinger, the judgment debtor, bought the bailiff's certificate of sale from the Calumet Coal Company. He paid the purchase price to that company in two payments, one of $333.26 and the other of $202.20. The certificate was delivered to him and he caused it to be assigned to his attorney. The latter, in Erlinger's behalf, surrendered the certificate to the bailiff and that officer paid him the money which the appellant had deposited to make redemption from the sale to the Calumet Coal Company. The net result of the decree is that the appellant's money has been used to satisfy the judgment against Erlinger, and to relieve the property of the appellee from that charge without imposing the duty of making restitution to the appellant of the money expended.

The appellee, however, contends that she is under no obligation to refund the redemption money because her husband received it. The contention has no merit. She derived title to an undivided one-half of the property from her husband, and, as his grantee, occupies his position with respect to the judgment recovered by, and the sale to, the Calumet Coal Company. Erlinger could not, at the same time, obtain a decree setting aside the bailiff's deed to the appellant and retain the money which the latter had deposited to redeem from the prior sale and which, for the want of a higher bid at the second sale, entitled him to the bailiff's deed. The appellee cannot, as against the appellant, hold the interest she acquired from her husband free from the lien or charge which the appellant satisfied.

The maxim that "he who comes into equity must do equity" requires that any person seeking the aid of a court of equity shall offer to accord or will be compelled to accord to the other party all the equitable rights to which the other is entitled in respect of the same subject matter. Relief inconsistent with the equities of the adverse party will be denied and where the relief asked by the complainant raises equitable rights in favor of the defendant, the

recognition and protection of those rights will be imposed as a condition of granting the relief. In *Bennitt* v. *Star Mining Co.* 119 Ill. 9, certain lots were sold by a master in chancery under a decree for a mechanic's lien, and the purchaser subsequently assigned the master's certificate to a third person. The property was purchased *pendente lite* by the appellees but they failed to redeem it from the master's sale within the period of twelve months allowed them by law. The appellant, who was the assignee of a judgment creditor, sued out an execution on the judgment and made redemption from the master's sale. The sheriff executed a certificate of redemption and caused the lots to be advertised for sale under the execution. The appellees then filed their bill alleging the invalidity of the mechanic's lien declared by the decree, charging fraud in the recovery, and the want of good faith and the failure of consideration in the assignment of the judgment, and praying, among other things, that the levy made by virtue of the execution be annulled. On the hearing, all the material allegations of the bill were found to be true and the circuit court granted the relief sought. On review this court observed, at page 21: "But the appellant, Fred Bennitt, after the time within which appellees could redeem these lots from the master's sale had expired, did redeem them, and the redemption money was accepted by the holder of the certificate of purchase, and such redemption has freed the real estate of appellees from a binding and subsisting lien. It is a maxim of the courts of chancery, that those who seek equity must do equity. As appellees have voluntarily sought the assistance of the equity court, they should be compelled to observe the requirements of the maxim we have cited." Accordingly, in reversing the decree and remanding the cause, this court directed the circuit court to impose as the conditions of granting relief, the amendment of the appellees' bill by tendering to the appellant the sum of money he advanced to make the redemption with interest thereon

and the payment of the amount tendered into court; or in the event the appellees refused to perform these conditions, then to dismiss the bill at their costs.

The application of the principle that he who seeks equity must do equity is further illustrated by the case of *Hutson* v. *Wood,* 263 Ill. 376. In that case, on a bill for partition asking to have a deed based on a void execution sale removed as a cloud upon the title, this court, as a condition of granting the relief prayed, compelled the complainant to reimburse the purchaser the amount paid to relieve the land of an encumbrance. The court, speaking of the complainant said: "There can be no doubt of the power of the court to compel her, as a condition to granting the relief asked, to reimburse Wood and Stotlar for the amount paid to relieve her land of the encumbrance. She is seeking equitable relief, and, under the doctrine that he who seeks equity must do equity, may be compelled, before relief will be granted, to do what equity requires of her. This principle is constantly applied in suits brought to set aside void tax deeds, and the same rule applies to a suit to set aside a deed upon a void execution sale."

The appellee seeks to avail herself of the redemption by the appellant without offering to make restitution. Nothing in the record discloses that the redemption was not made in good faith and the duty of the owner to make restitution arises from his having received the benefit of the money of the purchaser in releasing his estate from a legal charge. (*Hutson* v. *Wood, supra.*) Before the relief which the appellee seeks can be granted, she must refund to the appellant the sum of money he advanced to make the redemption with interest thereon at the legal rate.

The decree of the superior court is reversed and the cause is remanded to that court with directions that the appellee take leave, if she shall be so advised, to amend her bill by tendering to the appellant a sum of money equal to that paid by him in making the redemption from the bailiff's sale to

596

the Calumet Coal Company, with interest thereon from the time the redemption was made at the rate of five per cent per annum; that, if such amendment be made, the appellee, pursuant thereto, pay the required sum of money into court for the benefit of the appellant, and that upon so doing a final decree be entered in accordance with the prayer of the bill; but that, in case the appellee shall fail or refuse to perform the foregoing conditions, within ninety days after the reinstatement of. the cause in the superior court, then, as to her interest in the property which she acquired from her husband, her bill shall be dismissed at her costs.

*Reversed and remanded, with directions.*

Mr. Justice Orr, dissenting.