Mary S. Rawlins *et al.* Appellants, *vs.* Christiana Launer, Appellee.

*Opinion filed October 17, 1938.*

J. W. Templeman, for appellants.

William E. Thomson, and Bruce Thomson, for appellee.

Mr. Justice Orr delivered the opinion of the court:

Mary S. Rawlins and Maud Ivemeyer, her sister, filed suit in ejectment on November 27, 1935, against Christiana Launer, in the circuit court of Morgan county. At the close of defendant's evidence a motion for a directed verdict was allowed by the court, and judgment was entered for defendant. From this judgment plaintiffs have appealed directly to this court, a freehold being involved.

Prior to 1931, plaintiffs owned a house on Mauvaisterre street, in Jacksonville, which they occupied as a homestead. In that year they exchanged this property for a house on Lincoln avenue, in the same city, with the intention, according to the undisputed evidence, that Mrs. Rawlins would

occupy the premises. Instead of moving there immediately, however, she went to Aurora, Illinois, to care for a sister who was ill. She returned a few months later to care for her mother at the latter's home on Morgan street, in Jacksonville. The record fails to supply the dates but she testified that after her mother's death she moved into quarters on South Church street in the same city, where she remained about two months, after which she returned to Aurora and lived with a sister until November, 1933. On October 6, 1933, a judgment in favor of Henry Kitner and others was rendered against plaintiffs. Execution thereon was issued January 30, 1934, and levied upon the Lincoln avenue premises. On March 1, 1934, the Lincoln avenue premises were sold to the judgment creditors who thereafter sold and assigned the certificate of sale to defendant, Christiana Launer. On July 19, 1935, after the expiration of the fifteen months for redemption, a sheriff's deed was executed and delivered to Christiana Launer, who went into immediate occupancy of the premises. On October 10, 1933, four days after the judgment was rendered against her, Mrs. Rawlins rented the Lincoln avenue premises to B. N. Smith, reserving a room for herself into which she moved some of her personal effects. The record shows that Mrs. Rawlins did not occupy any part of the Lincoln avenue house until November, 1933.

The sole question is whether Mrs. Rawlins is entitled to homestead rights in the Lincoln avenue property, thus exempting it from sale on execution. (Ill. Rev. Stat. 1937, chap. 52, par. 1.) Under section 6 of the Homestead act, (Ill. Rev. Stat. 1937, chap. 52, par. 6,) the proceeds from the sale of property occupied as a homestead are exempt from liens or encumbrances for one year after their receipt, and plaintiffs assert that this exemption extends to property received in exchange for a homestead. Regardless of this contention, section 6 is no defense to this suit because the year of grace allowed by the statute expired in 1932, long

before the judgment here in question was entered in October, 1933. Plaintiffs claim, however, that aside from section 6, where a householder exchanges his homestead for other residential property, intending at the time of the exchange to occupy the new premises, the exemption attaches if the property is subsequently occupied within a reasonable time. In support of this argument, plaintiffs cite *Crawford* v. *Richeson,* 101 Ill. 351, where this court held, under similar circumstances, that one or two months' delay in occupying property after an exchange, was within such reasonable time as not to lose the right of homestead. In the present case at least two years elapsed after the Lincoln avenue property was received before Mrs. Rawlins actually occupied it. During part of this time she was engaged in caring for her mother, but no reason is given to explain her move to quarters on South Church street instead of to the Lincoln avenue property, following her mother's death. The reasonable inference from the facts is that she abandoned her intention to establish a homestead there until after the judgment was rendered against her in October, 1933.

Plaintiffs' final contention that the judgment did not become a lien on the premises until execution was issued January 30, 1934, is without merit. Under the Judgment act, the judgment became a lien on the premises when it was rendered, October 6, 1933, (Ill. Rev. Stat. 1937, chap. 77, par. 1; *Dobbins* v. *First Nat. Bank,* 112 Ill. 553;) and at that time Mrs. Rawlins did not occupy any part of the premises. The fact that she may have established her residence there subsequently is unimportant since the rights of the judgment creditor in the property had already attached.

The judgment of the circuit court of Morgan county is affirmed.

*Judgment affirmed.*