RONALD C. COCHRAN *et al.*, Plaintiffs-Appellees, *v.* BRIAN D. CUTLER *et al.*, Defendants-Appellants.

Second District (1st Division) No. 75-4

Opinion filed June 14, 1976.—Rehearing denied July 16, 1976.

John R. Mackay, of Wheaton, for appellants.

Robert W. Smith, Jr., of Juergensmeyer, Zimmerman & Smith, of Elgin, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiffs, Ronald C. and Elaine Cochran, secured a judgment against Albert and Catherine Kiwazek (who are not parties to this suit), the contract purchasers of a home in Du Page County. Thereafter, and without paying the Cochran judgment, the Kiwazeks conveyed their equitable interest in the real estate to the defendants, Brian D. and Roswitha Cutler, who took title and executed a mortgage to the defendant Talman Federal Savings & Loan in the process. Plaintiffs filed suit to have their judgment declared a lien upon the land and for other relief. The trial court entered summary judgment in favor of plaintiffs declaring that plaintiffs' judgment in the amount of $6230 stood as a lien upon the property. The defendants appeal, contending that the Cutlers succeeded to the Kiwazeks' homestead exemption of $10,000 and that

therefore the Cochran judgment may only be satisfied from the excess of Kiwazeks' equity in the property at the time of their voluntary conveyance to the Cutlers.

During 1971 the Kiwazeks were purchasing the property under an unrecorded executory land contract and occupying it as their homestead. On December 16, 1971, the Cochran judgment was entered in another county in the amount of $6230. On January 1, 1972, an amendment to section 1 of the Homestead Act (Ill. Rev. Stat. 1971, ch. 52, par. 1, as amended by P. A. 77—437, §1, eff. January 1, 1972) raised the exemption of the estate of homestead from $5000 to $10,000. A memorandum of the Cochran judgment was recorded in Du Page County on March 10, 1972. On March 28, 1972, the Cutlers purchased the property from the Kiwazeks for $28,000, paying them $12,972.40, including earnest money and after prorations. The Cutlers executed a mortgage to the defendant Talman in the amount of $25,200. At closing they paid off the vendors' lien upon the property in the amount of $13,828.57.

The Cutlers were not advised of the plaintiffs' judgment and had no knowledge of it at this time.

Defendants contend that the Cutlers are successors to the homestead estate of the Kiwazeks and are entitled to claim the amount of $10,000 pursuant to section 1 of the Homestead Act as exempt from the lien of plaintiffs' judgment. They argue that the exemption should be deducted from the amount of Kiwazeks' equity in the property and that the Cochrans were then entitled to receive the sum of $2972.40 which they allege represents the excess of the Kiwazeks' equity in the property over the homestead estate exemption. They argue that the trial judge erred in applying the $5000 exemption in proceeds from the sale of a homestead, apparently pursuant to the second portion of section 6 of the Homestead Act (Ill. Rev. Stat. 1971, ch. 52, par. 6) since plaintiffs' suit sought to impress a lien upon the property and not to recover from the proceeds of the sale.[1]

Plaintiffs contend that the trial court correctly ruled that the judgment creditor had a valid first lien on the premises pursuant to sections 1 and 3 of the Judgments Act (Ill. Rev. Stat. 1971, ch. 77, pars. 1, 3) because the sale proceeds exceeded the $5000 homestead exemption provided in section 6 of the Homestead Act. They reason that the homestead estate

---

[1] On October 1, 1972, an amendment to section 6 of the Homestead Act raised the amount of the exemption as applied to the proceeds of the sale of a homestead from $5000 to $10,000. The Cutlers have argued that no proceeds are involved and that therefore that portion of section 6 has no application under the circumstances of this case. Alternatively they have argued that when the legislature increased the exemption in section 1 from $5000 to $10,000, it inadvertently failed to increase the exemption in section 6 to the same amount since the two amounts had at all previous times been the same. Cutlers also point out that the legislature shortly thereafter corrected its error and increased the amount of section 6 to $10,000. In the view we have taken of the case we do not consider the alternative argument.

of the Kiwazeks was abandoned when they deeded the property to the Cutlers as grantees who thereupon took possession. In addition, they argue that the trial court correctly ruled that the judgment debtors received a sufficient amount in excess of the $5000 exemption to entirely satisfy the plaintiffs' lien. Finally, they contend that even if the $10,000 homestead exemption is applied, the court's ruling that plaintiffs had a valid pre-existing lien on the premises is correct because the purchase price exceeded the value of the homestead exemption and the amount owed by the Kiwazeks on their contract.

■■■ A judgment lien extends only to the property right which the debtor holds in the premises, subject to the equities in it at the time of the creation of the lien. (See *Sturdyvin v. Ward*, 336 Ill. 594, 602-03 (1929); *Hooper v. Haas*, 332 Ill. 561, 568 (1928); *East St. Louis Lumber Co. v. Schnipper*, 310 Ill. 150, 156 (1923); *In re Application of Klock*, 10 Ill. App. 3d 752, 754 (1973).) A judgment lien can attach to the interest of a purchaser under an executory contract for the sale of real estate. (*Gorham v. Farson*, 119 Ill. 425, 439 (1887).) Once a judgment lien has been properly created and attached to the judgment debtor's interest in real property, the debtor may not impair or defeat the lien by conveying the property to the third party, and the judgment creditor may subject the property to sale in satisfaction of his judgment in the manner provided in the statutes. See, *e.g.*, Ill. Rev. Stat. 1971, ch. 77, par. 1 *et seq.*; ch. 52, par. 1 *et seq.* See *Tinney v. Wolston*, 41 Ill. 215, 219-20 (1866); *Moriarty v. Galt*, 112 Ill. 373, 377 (1884); *Skach v. Heakin*, 28 Ill. App. 3d 346, 351 (1975).

■■ However, the lien of judgment does not attach to the judgment debtor's homestead. (*Petition of Lehman v. Cottrell*, 298 Ill. App. 434 (1939).) The interest of a purchaser in possession of property under an executory contract for sale is sufficient to entitle the purchaser to claim an estate of homestead if he meets the other requirements of section 1 of the Homestead Act (Ill. Rev. Stat. 1971, ch. 52, par. 1). (*Stafford v. Woods*, 144 Ill. 203, 209 (1893); *Kilmer v. Garlick*, 185 Ill. 406, 411-12 (1900).) A judgment debtor whose interest in real estate at the time of a conveyance to a third party is worth less than the statutory amount of the homestead exemption may convey that interest free of the lien of judgment. (*Hamalle v. Lebensberger*, 267 Ill. 602 (1915); *Watson v. Saxer*, 102 Ill. 585 (1882); *Cloud v. Meyers*, 136 Ill. App. 45 (1907).) Abandoning or surrendering possession of property occupied as a homestead pursuant to the conveyance of that property is not an abandonment of the estate of homestead but is an appropriate mode of transferring that estate. (*Eldridge v. Pierce*, 90 Ill. 474, 482 (1878).) However, if at the time of the conveyance the value of the debtor's interest exceeds the amount of the

homestead estate, the excess is subject to the lien of judgment. (*Erlinger v. Freed*, 347 Ill. 588, 592 (1932); *Hummel v. Villmow*, 347 Ill. 58 (1931); *Kilmer v. Garlick*, 185 Ill. 406 (1900); *Moriarty v. Galt*, 112 Ill. 373 (1884).) In order to ascertain whether an excess existed at the time of the conveyance to which the judgment lien had attached, it must be determined whether the debtor's interest in the homestead premises over and above senior encumbrances was in excess of the statutory homestead amount. *Morris Investment Co. v. Skeldon* 399 Ill. 506, 511 (1948); *Erlinger v. Freed*, 347 Ill. 588, 592 (1932); *Hamalle v. Lebensberger*, 267 Ill. 602 (1915); *Skach v. Heakin*, 28 Ill. App. 3d 346, 351-52 (1975).

■■ Therefore, in order to determine whether the Cochrans have a valid judgment lien which may be enforced against the property now in the hands of the Cutlers, the following must be established: The value of the debtors' (Kiwazeks') interest in the premises at the time of the conveyance; the extent to which the premises were encumbered prior to the establishment of the judgment lien; and the statutory amount of the homestead exemption to which the debtors were entitled.

■■ It is clear that if a lien attached to the Kiwazeks' interest, it did so when the memorandum of judgment was recorded in Du Page County on March 10, 1972. (Ill. Rev. Stat. 1971, ch. 77, par. 1.) The interest of the debtor, who was a purchaser under an executory contract for the sale of the property, is to be determined by deducting from the fair market value of the property the amount owed on the contract to purchase. (*Kilmer v. Garlick*, 185 Ill. 406, 412 (1900).) Therefore, in order to determine whether the Kiwazeks' interest in the property over and above encumbrances exceeded the statutory amount of the homestead exemption, it is necessary to ascertain the fair market value of the property on the date of the conveyance, to subtract from that figure the amount due on the contract to purchase, to deduct from the resultant figure the amount represented by the State's lien for the 1971 taxes and the seller's proportionate share of the 1972 taxes and then to compare that figure with the statutory amount of the homestead estate.

The trial judge found that the Kiwazeks at the time of their conveyance had an equity in the premises of $12,472.40. It appears that this figure was based on the balancing figure used on the closing statement after crediting the $500 earnest money, the contract payoff, tax prorations, seller's title charges and revenue stamps. This was an erroneous method of computation in our view. We assume, as the parties and the trial court apparently have, that the selling price of $28,000 represented the fair market value of the property at the time of the conveyance and that the closing statement accurately reflected the only encumbrances predating the filing of the memorandum of judgment of March 10, 1972. The extent

of the judgment debtors' interest in excess of the statutory amount of the homestead estate should then be determined by subtracting from the $28,000, the $13,828.57 due on the contract to purchase and also deducting the amount of unpaid 1971 real property taxes and the sellers' proportionate share of the 1972 taxes (totaling $1039.03 according to the closing statement). Thus, it is apparent that the judgment debtors' interest in the property on the date of the conveyance exceeded the amount of the homestead exemption whether the applicable amount of the exemption was $5000 or $10,000.

■■ The amount of the homestead exemption is in dispute, however. We agree with defendants' contention that that portion of section 6 which refers to the exemption proceeds is inapplicable here. The cases which apply that provision appear to do so only when the property or money received in exchange for a homestead is in the hands of the original debtor or when the money received on such a sale is re-invested in a homestead which is later conveyed to a third person. (See, *e.g., Rawlins v. Launer,* 369 Ill. 494, 496 (1938); *Watson v. Saxer,* 102 Ill. 585, 591 (1882).) Section 6 also provided: "When a homestead is conveyed by the owner thereof, such conveyance shall not subject the *premises* to any lien or encumbrance to which it would not have been subject in the hands of such owner * * *." (Emphasis added.) Ill. Rev. Stat. 1971, ch. 52, par. 6.

■■ The homestead exemption which the judgment debtors' grantees are asserting here is that which existed in the judgment debtor prior to the conveyance (see *Kilmer v. Garlick,* 185 Ill. 406, 411-12, (1900)) and which was conveyed to them on March 28, 1972. The Cochrans are not attempting to assert their lien against the proceeds (compare *Reames v. Morrow,* 193 Ill. App. 155 (1915)) but are seeking to assert it against the premises. Therefore, the applicable amount is the amount which the Kiwazeks could have claimed under section 1 of the statute.

■■ The statute creating the homestead exemption which is in force at the time the exemption is claimed governs the amount and conditions of the exemption. *(Henson v. Moore,* 104 Ill. 403, 407 (1882); *Mooney v. Moriarty,* 36 Ill. App. 175, 178 (1890).) The amount of the homestead exemption in section 1 of the statute at the time the Cochrans' judgment lien was created was $10,000. Therefore, when the Kiwazeks released their homestead estate pursuant to the conveyance to the Cutlers, the Cutlers took the property, to the extent of $10,000, free from the lien of the Cochrans' judgment. *Leupold v. Krause,* 95 Ill. 440, 445 (1880); *Halliday v. Hess,* 147 Ill. 588, 592 (1893).

■■ Thus, after applying the proper statutory exemption, it appears that the Kiwazeks' interest in the property over and above encumbrances exceeded the amount of the homestead exemption, and

the plaintiffs' valid judgment lien attached to the excess prior to the conveyance giving them the right to subject the property to execution and sale in satisfaction of their judgment. However, since the lien of the judgment never attached to the estate of homestead, the Cutlers would be entitled to have that estate set off to them or to be compensated for it. (See *Hamelle v. Lebensberger*, 267 Ill. 602, 607 (1915); *Kilmer v. Garlick*, 185 Ill. 406, 412; *Moriarty v. Galt*, 112 Ill. 373 (1884).) In addition, in the event of such a sale, if the Cutlers and their mortgagee have paid off the liens and encumbrances incurred by the Kiwazeks prior to the filing of the Cochrans' memorandum of judgment as part of the purchase of the property (which, according to the closing statement, it appears they did) they would be equitably entitled to be subrogated to the rights of the original vendor and tax lienor and to assert those rights in the distribution of the proceeds of any sale. See *Young v. Morgan*, 89 Ill. 199 (1878); *Kilmer v. Garlick*, 185 Ill. 406 (1900); *Hamalle v. Lebensberger*, 267 Ill. 602 (1915).

The appellants have contended that we should limit the amount that the judgment creditors may recover from the proceeds of a forced sale to the amount by which the Kiwazeks' interest over and above encumbrances exceeded the homestead exemption on March 28, 1972, the date of the conveyance. We can find no authority for placing such a limit on the effect of the Cochrans' lien. Such a contention is not only not consonant with the provisions of chapter 30 on recording (see, *e.g.*, Ill. Rev. Stat. 1971, ch. 30, pars. 27, 29) nor the provisions of chapter 77 for the creation of judgment liens (Ill. Rev. Stat. 1971, ch. 77, par. 1 *et seq.)* but it is also not consonant with the strong public policy in favor of satisfaction of judgments. Because the lien was properly created, the Cutlers took the property with constructive notice of both the original amount of the judgment and the remaining life of the lien. By failing to make arrangements for the satisfaction of the lien at the time of the conveyance, they took the risk that the property might increase in value and that such increase might be reached by the judgment creditors should they choose to enforce the lien. Compare *Kinney v. Vallentyne*, 15 Cal. 3d 475, 541 P.2d 537, 124 Cal. Rptr. 897 (1975).

Therefore, we find that the plaintiffs have a valid judgment lien which had attached to the property prior to the conveyance to the defendants. The plaintiffs' lien is subordinate to the estate of homestead in the amount of $10,000, the original vendor's lien in the amount of $13,828.57, and a tax lien in the amount of $1039.03. The defendants, to the extent they have satisfied the senior encumbrances, may be subrogated to the rights of the senior encumbrancers in the property in the event of a levy and execution upon the premises. The defendants also succeeded to the homestead

estate of the Kiwazeks in the amount of $10,000 free from the lien of the judgment and are entitled to have the homestead estate set off to them or to be compensated for it in the event of a judicial sale.

Affirmed as modified.

GUILD, P. J., and HALLETT, J., concur.