# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 05-4354

JAMES M. MACDONALD, II, as Trustee and
sole beneficiary of the WALTER MIDDLETON
& COMPANY RETIREMENT PLAN and WALTER
MIDDLETON & COMPANY FROZEN RETIREMENT PLAN,

*Plaintiff-Appellant,*

*v.*

ESTATE OF JOSEPH W. GAYTON and MONICA M. GAYTON,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 334—**Blanche M. Manning**, *Judge.*

---

ARGUED NOVEMBER 2, 2006—DECIDED DECEMBER 1, 2006

---

Before BAUER, RIPPLE, and MANION, *Circuit Judges.*

BAUER, *Circuit Judge.* The facts in this case are not in dispute. At some time prior to February 2, 2001, James M. Macdonald II loaned Joseph Gayton $325,000. On February 2, 2001 and before repaying his debt to Macdonald, Gayton conveyed his interest in his family home to his wife, Monica, by way of a quitclaim deed. Prior to this transfer, Gayton and Monica had held the property as joint tenants. The transfer was recorded with the Recorder of Deeds on March 15, 2001.

Macdonald, as Trustee and sole beneficiary of the Walter Middleton & Company Retirement Plan and Walter Middleton & Company Frozen Retirement Plan, filed a diversity suit against Gayton on August 7, 2003 that alleged that Gayton had failed to make payments on certain notes owed by Gayton to the plans. Gayton died on November 26, 2003 without any assets. On December 22, 2003, the district court entered judgment *nunc pro tunc* as of October 28, 2003 in favor of Macdonald in the amount of $357,139.89.

On January 16, 2004, Macdonald filed the present action against Gayton's estate and Monica to set aside the property transfer under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq.* ("UFTA"). The district court granted Monica's motion for summary judgment, finding that no relief was available to Macdonald under the UFTA because Macdonald did not have a recorded lien against Gayton's family home prior to Gayton's death. As a result, the district court reasoned, even if the property transfer was fraudulent, the property passed to Monica, Gayton's surviving joint tenant, extinguishing any rights that Macdonald may have had to the property. Macdonald filed this timely appeal. We affirm.

## I. Discussion

We review the district court's grant of summary judgment *de novo*. *Durkin v. Equifax Check Services, Inc.,* 406 F.3d 410, 414 (7th Cir. 2005).

The UFTA establishes a creditor's right to file an action to obtain the avoidance of a fraudulent transfer or obligation to the extent necessary to satisfy the creditor's claim. 740 ILCS 160/8(a)(1). The UFTA states, in part, that

> [a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the

> obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay, or defraud any creditor of the debtor. . . .

740 ILCS 160/5. To the extent that a transfer is voidable in an action by a creditor, the creditor may obtain a judgment for the value of the asset transferred or the amount necessary to satisfy the creditor's claim, whichever is less. 740 ILCS 160/9(b). This judgment may be entered against either the first transferee of the asset or the person for whose benefit the transfer was made. 740 ILCS 160/9(b)(1). Macdonald argues that if he establishes that Gayton's transfer of his interest in his family home to Monica was a fraudulent transfer, he is entitled to obtain a judgment against Monica for the amount necessary to satisfy Macdonald's claim. We disagree.

Assuming that Gayton's transfer of his interest in his family home was fraudulent, the UFTA would nullify the transfer and the property would be restored to the joint tenancy with right of survivorship. *See Gayton v. Kovanda*, ___ NE.2d ___, 2006 WL 3026035, at *4 (Ill. App. Ct. Oct. 25, 2006) (stating that fraudulent transfer of a joint tenant's interest in property does not sever the joint tenancy) (citing *Gilbert Bros., Inc. v. Gilbert*, 630 N.E.2d 189, 258 Ill. App. 3d 395 (Ill. App. Ct. 1994)).[1] In other

---

[1] Macdonald asks us to depart from the decision of the First District Appellate Court of Illinois in *Gayton v. Kovanda*, which addresses the same issue raised in the instant appeal: whether, pursuant to the UFTA, a creditor of Gayton may reach property fraudulently transferred to Monica to satisfy a judgment when the judgment lien was not recorded until after Gayton's death. 2006 WL 3026035. The Illinois appellate court, like the district court, answered this query in the negative. 2006 WL 3026035, at *4. Macdonald argues that the sole authority cited by the Illinois appellate court for its decision is Judge Manning's

(continued...)

words, we would treat the property as though the fraudulent transfer had not occurred. *Id.* (citing *DeMartini v. DeMartini*, 52 N.E.2d 138, 141, 385 Ill. 128, 134 (1943) (a fraudulent conveyance is void only as against creditors and the conveyance is treated as though it had not occurred)). After Gayton transferred his interest in the property to Monica and before his death, Gayton and Monica held the property as joint tenants. Once Gayton died, his interest in the property passed to Monica as a joint tenant through rights of survivorship.

For Macdonald to reach the property for the purpose of satisfying the $357,139.89 judgment, he must have perfected a lien on the property while Gayton held an interest in the property. Under Illinois law, a judgment only becomes a lien on the real estate of the person against whom it is entered once the judgment is filed with the recorder of deeds in the county in which the real estate is located. *Id.* (citing 735 ILCS 5/12-101, *Cochran v. Cutler*, 350 N.E.2d 59, 62, 39 Ill. App. 3d 602, 607 (Ill. App. Ct. 1976)). Since Macdonald did not record a lien against the property while Gayton was alive, the property passed to Monica unencumbered by the judgment at Gayton's death. Neither the UFTA nor the district court's entry of judgment

---

[1] (...continued)
slip opinion, which is the subject of the instant appeal. He further asserts that the Illinois appellate court offers no other analysis or explanation for the proposition that when Gayton died, the property passed to Monica as a joint tenant through rights of survivorship. This argument not only misrepresents the basis of the Illinois appellate court's decision, which cited to Judge Manning's opinion in further support of its decision rather than as the basis of its decision, it fails to recognize that we defer to an Illinois court's interpretation of state law. *See City of Chicago v. Morales*, 527 U.S. 41, 61, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999); *Gresham v. Peterson*, 225 F.3d 899, 908 (7th Cir. 2000). As such, we will follow *Kovanda* in deciding Macdonald's appeal.

*nunc pro tunc* cures Macdonald's inability to file a judgment lien while Gayton held an interest in the property. Thus, the district court properly granted summary judgment to Monica because the UFTA affords Gayton no relief.

## II. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*