WEST SUBURBAN BANK, Plaintiff-Appellee, v. GUNTER LATTEMANN *et al.*, Defendants (Costas Kappos, Intervenor-Appellant).

Second District    No. 2—95—1545

Opinion filed December 12, 1996.

Jeffrey G. Liss, of Chicago, and John F. O'Meara, of Park Ridge, for appellant.

Vincent Robertelli, of Giagnorio & Robertelli, Ltd., of Bloomingdale, and Robert G. Black, of Naperville, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The intervenor, Costas Kappos, was the purchaser at a sale held pursuant to a judgment foreclosing a second mortgage on residential real estate. The plaintiff, West Suburban Bank, was the mortgagee. This court vacated the judgment and the sale as void because the plaintiff failed to serve one of the mortgagors. We also ruled that Kappos was entitled to the $80,000 he paid for the property and remanded the cause for further proceedings. *West Suburban Bank v. Lattemann*, 269 Ill. App. 3d 1143 (1995) (unpublished order under Supreme Court Rule 23).

On remand, the plaintiff tendered Kappos the $80,000 and moved for a voluntary dismissal of its foreclosure complaint (see 735 ILCS 5/2—1009(a) (West 1994)). Kappos moved for interest on the $80,000 as part of the restitution to which he was entitled upon the vacatur of the foreclosure judgment and sale. The trial court granted the voluntary dismissal and held that Kappos' demand for interest was thereby moot. Kappos timely appealed.

Kappos argues that the trial court erred in refusing to award him interest on the $80,000 the plaintiff was required to refund. He argues that allowing the plaintiff to retain the interest it earned on money to which it never had a right would deny him full restitution, frustrating this court's decision and unjustly enriching the plaintiff.

We hold that the trial court erred in refusing to consider Kappos' motion for interest on the refunded purchase price. Because case law supports awarding interest in these circumstances, insofar as it is equitable to do so, we reverse the denial of the motion for interest and remand for a hearing thereon.

We briefly recount the relevant facts. On June 20, 1991, the plaintiff filed its complaint to foreclose a second mortgage on the property. On July 16, 1992, the trial court entered a judgment of foreclosure. On August 25, 1992, Kappos bought the property for $80,000 at the sheriff's sale; on September 2, 1992, the trial court approved the sheriff's report of the sale.

In May 1993, Kappos filed his "motion to vacate" the September 2, 1992, order, asserting that the foreclosure sale was invalid. He claimed that the plaintiff had perpetrated a fraud by getting a federal district court to shorten the redemption period for the first mortgage

on the property. As a result, the redemption period expired before the foreclosure sale. With no equity of redemption, the second mortgage had no value. Thus, according to Kappos, he paid $80,000 for what the plaintiff knew (and he did not know) was a worthless interest in the property. The trial court dismissed his motion, and Kappos appealed.

Without reaching Kappos' fraud claim, this court held that the judgment of foreclosure was void because the plaintiff had failed to properly serve one of the defendant mortgagors. We vacated the July 16, 1992, order of foreclosure and the September 2, 1992, order confirming the sale to Kappos and remanded the cause to the trial court "for proceedings not inconsistent with this opinion." *Lattemann*, slip op. at 10. On June 13, 1995, we entered our mandate, which also stated that the two orders were vacated and that the cause was remanded for further proceedings not inconsistent with our order.

On remand, the following events ensued. On July 11, 1995, the plaintiff moved for the voluntary dismissal of the foreclosure suit. The trial court allowed Kappos to file objections to the motion and for the plaintiff to reply, and it continued the matter to August 30, 1995. On July 16, 1995, Kappos filed a motion for interest on the $80,000, which had been in the plaintiff's custody since the foreclosure sale. He argued it would be inequitable for the plaintiff to retain the benefit of money to which it had no right. He maintained that the restitution to which our order entitled him would not be complete unless it included both the $80,000 principal and the interest that accumulated while the plaintiff improperly held the money.

The trial court granted the plaintiff's motion for voluntary dismissal and did not award Kappos any interest. The trial court found that the voluntary dismissal of the case mooted Kappos' request for interest. The trial court denied Kappos' motion to reconsider, and Kappos appealed.

We should also note that Kappos filed another suit against the plaintiff, seeking damages for its allegedly fraudulent conduct. The trial court dismissed the action as barred by *res judicata* because of the foreclosure judgment, which was on appeal before this court at the time. However, this court reinstated the complaint, explaining that the pending appeal meant the foreclosure judgment was not final for *res judicata* purposes. *Kappos v. West Suburban Bank*, No. 2—94—0822 (2d Dist. April 13, 1995). As of the filing of the notice of appeal in this case, Kappos' fraud suit was still before the trial court. Both suits seek interest on the purchase money, and Kappos acknowledges he may recover the requested interest only once.

Our order in the prior appeal of this case did not explicitly state that Kappos was entitled to interest on the $80,000 that the plaintiff was required to refund him. Our order and mandate stated only that the cause was remanded for proceedings "not inconsistent with" our ruling. However, Kappos maintains that this was sufficient to require the plaintiff to pay interest on the sum due because interest is inherent in full restitution.

■ Upon the reversal of a judgment, a party that has received benefits from the erroneous judgment must make restitution. *Buzz Barton & Associates, Inc. v. Giannone*, 108 Ill. 2d 373, 381-82 (1985). The trial court's power to order restitution is inherent in its jurisdiction over the case (*Watkins v. Dunbar*, 318 Ill. 174, 178 (1925)), and the duty to enforce restitution does not depend on any direct order from the appellate court (*Williamsburg Village Owners' Ass'n v. Lauder Associates*, 200 Ill. App. 3d 474, 483 (1990); *Rhodes v. Sigler*, 44 Ill. App. 3d 375, 378 (1976)). The purpose of restitution is to "restore, so far as possible, the parties to their former position." *Watkins*, 318 Ill. at 178; see also *Williamsburg*, 200 Ill. App. 3d at 483; *Robinson v. Robinson*, 100 Ill. App. 3d 437, 444 (1981).

In arguing that full restitution includes interest for the time he was deprived of the use of his money, Kappos relies on neither statute nor contract but on equitable principles. Several Illinois cases do state, albeit mainly in *dictum*, that interest is part of the restitution required upon the reversal of a judgment.

In *Thompson v. Davis*, 297 Ill. 11 (1921), on which Kappos relies, the appellate court reversed the foreclosure of a mortgage, holding that the loan on which it was based was beyond the authority of the corporate lender (the dock company). The appellate court remanded the cause and the mortgagor's trustee in bankruptcy petitioned for restitution. The trial court ordered the dock company to pay the trustee the proceeds from the foreclosure sale (to a third party) insofar as they were based on the invalid lien. The court also ordered the dock company to pay interest on these proceeds. The supreme court upheld the restitution order. The court reasoned that, upon the reversal of the foreclosure decree, the trial court was required to restore the parties to their rights by ordering the lender to surrender the advantage it had gained from the improper judgment. *Thompson*, 297 Ill. at 15. The court approved the award of interest, stating:

"The [trial] court allowed interest from *** the date of the foreclosure decree. The decree drew interest of which the dock company had the benefit, and a court of equity will allow interest in a proper case although not within the precise terms of the statute providing for interest. It was equitable that the dock company should account for interest." *Thompson*, 297 Ill. at 21.

Other decisions also uphold the award of equitable interest as part of the restitution due a party upon the reversal of a judgment. In *Hutson v. Wood*, 263 Ill. 376 (1914), the supreme court held that a mortgage foreclosure sale was void, entitling the purchasers to the return of the amount they paid to redeem the property plus interest from the date of the redemption. As in *Thompson*, it appears that the purchasers' entitlement to interest on any money due them was not directly at issue. The court also held that the purchasers were entitled to be compensated for any taxes and special assessments they paid and to receive interest from the date of those payments. *Hutson*, 263 Ill. at 393.

In *Erlinger v. Freed*, 347 Ill. 588 (1932), a valid judgment was the subject of an improper execution sale of property that was protected by a homestead law. The supreme court held that the purchaser at the sale, who had in effect paid the judgment creditor's lien for the owner, was entitled to restitution from the judgment debtor. Relying in part on *Hutson*, the court held (again without the matter of interest being directly at issue) that, before she could be declared the sole owner of the real estate, the debtor had to pay the purchaser what he paid to redeem the property, plus interest on that sum from the time of the redemption. *Erlinger*, 347 Ill. at 595; see also *Bennitt v. Wilmington Star Mining Co.*, 119 Ill. 9, 21 (1886).

In more recent times, the appellate court has upheld the award of equitable interest as part of restitution for an improper judgment. *Ryan v. City of Chicago*, 274 Ill. App. 3d 913 (1995), arose out of an earlier appeal in which the city was ordered to pay about $19 million in simple interest on money it had improperly withheld from several municipal pension funds. The city settled with all but one of the pension funds; the remaining fund requested not only the wrongfully withheld interest but compound interest—interest on the interest— for the time before the initial judgment when the city improperly generated this compound interest. The appellate court held that compound interest was proper not as statutory prejudgment interest but as part of full restitution. *Ryan*, 274 Ill. App. 3d at 919-20. However, *Ryan* differs from this case (and the cases just noted) in that, as the court emphasized, the wrongful withholding was a breach of the city's fiduciary duty. *Ryan*, 274 Ill. App. 3d at 919, relying in part on *In re Estate of Wernick*, 127 Ill. 2d 61, 87 (1989).

The doctrine of equitable interest has been sparsely applied of late, at least absent a fiduciary duty. Nonetheless, we believe it is good law. *Hutson, Thompson,* and *Erlinger* have never been overruled or disapproved. Their reasoning is sound, and we are reluctant to depart from it even if it is considered *dicta.* Also, the general rule

elsewhere appears to be that interest is part of restitution upon the reversal of an erroneous judgment. See *Globe Indemnity Co. v. Puget Sound Co.*, 154 F.2d 249, 250 (2d Cir. 1946); *Muchmore Equipment, Inc. v. Grover*, 334 N.W.2d 605, 608 (Iowa 1983); *Alexander Hamilton Life Insurance Co. v. Lewis*, 550 S.W.2d 558 (Ky. 1977); *Lytle v. Payette-Oregon Slope Irr. Dist.*, 152 P.2d 934, 940 (Or. 1944); Restatement of Restitution § 74, Comment *d*, at 307-08 (1937).

■ In light of all of the foregoing, we hold that the trial court erred in refusing to consider Kappos' request for interest on the $80,000 that the plaintiff refunded him. Although the amount of equitable interest depends on all the circumstances and is thus within the trial court's discretion (*Thompson*, 297 Ill. at 21; *Ryan*, 274 Ill. App. 3d at 919), it was improper for the trial court to refuse to exercise its discretion at all. The trial court's explanation that the voluntary dismissal mooted whether Kappos is entitled to interest as part of his restitution is simply a *non sequitur*. The power to award interest is inherent in the power to order restitution, and the plaintiff could not cut off any preexisting right to full compensation by obtaining the voluntary dismissal of the case. The plaintiff cannot shelter a potential windfall so easily; this would undermine our judgment on the first appeal of this case. Therefore, we remand the cause for a hearing on how much equitable interest is due Kappos.

The plaintiff argues that Kappos waived any right to interest by failing to request it either in his original motion to vacate the foreclosure judgment or in his first appeal to this court. We need not decide if this argument is well taken. The waiver rule is an admonishment to the parties, not a limitation on our jurisdiction, and we may disregard waiver in the interests of a just result and a uniform body of law. *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 514 (1994). Also, the plaintiff suggests various reasons that the equities of the case do not favor awarding Kappos interest on the refunded purchase price. These arguments are more appropriately raised in the trial court, which may consider them fully in the exercise of its discretion.

We affirm the trial court's award of restitution of the principal sum, but we reverse its holding that it need not consider whether Kappos should receive equitable interest. We remand for a hearing on Kappos' right to equitable interest on his refunded purchase money. Because Kappos objects to the voluntary dismissal of the foreclosure suit only insofar as it affects his right to interest, the propriety of the order granting voluntary dismissal is now moot.

The judgment of the circuit court of Du Page County is affirmed in part and reversed in part, and the cause is remanded.

Affirmed in part and reversed in part; cause remanded.

BOWMAN and RATHJE, JJ., concur.