ANTHONY JONES *et al.*, Plaintiffs-Appellants, v. HRYN DEVELOPMENT, INC., Defendant-Appellee.

First District (1st Division)    No. 1—01—2856

Opinion filed September 30, 2002.—Rehearing denied November 1, 2002.

Jeffrey Cummings and Marni Willenson, both of Miner, Barnhill & Galland, of Chicago, for appellants.

Joseph P. Berglund, of Berglund & Niew, P.C., of Oak Brook, for appellee.

JUSTICE COUSINS delivered the opinion of the court:

Plaintiffs, Anthony and Marcella Jones, filed suit in the circuit court of Cook County seeking recovery of purchase monies paid to Hryn Development (defendant) for a newly constructed house. Defendant sold the house to a third party when plaintiffs failed to close on two occasions. Defendant refused to return plaintiffs' purchase monies. The three-count complaint sought: (1) declaratory judgment that a liquidated damages clause in the real estate contract was unenforceable; (2) recovery of all funds paid toward the purchase of the house under theories of unjust enrichment and rescission; and (3) prejudgment interest.

Defendant filed a two-count counterclaim for declaratory judgment. Count I alleged that it was entitled to the earnest money in its entirety pursuant to the liquidated damages clause. Count II alleged that it was additionally entitled to recover actual damages resulting from plaintiffs' breach of contract.

The trial court granted partial summary judgment in favor of plaintiffs on count I, finding that the liquidated damages clause was an unenforceable penalty. The court denied plaintiffs' motion for summary judgment on counts II and III of the first amended complaint and denied defendant's motion for summary judgment of the

counterclaim. The court instructed the parties to submit memoranda and briefs regarding the disbursement of the monies paid by plaintiffs and retained by defendant. After the parties had done so, the trial court denied plaintiffs' request for rescission, found that plaintiffs were entitled to a partial refund of their expenditures and denied plaintiffs' request for prejudgment interest.

Plaintiffs appeal; we reverse and remand with directions.

## BACKGROUND

In August of 1994, plaintiffs entered into a contract with defendant for the construction and purchase of a single-family home in Matteson, Illinois. The contract required that the purchaser obtain a loan commitment before construction of the house began. Plaintiffs received such a commitment and construction was commenced and completed. The first closing date was set for May 18, 1995; however, plaintiffs' lender did not provide financing for the house and the closing was delayed. Plaintiffs were allowed additional time by defendant to obtain financing. Another closing date was set on June 6, 1995; however, plaintiffs did not obtain financing and did not appear at the closing. Defendant sold the house to a third party on July 15, 1995.

Approximately two weeks after the sale of the house to the third party, plaintiffs demanded that defendant return all monies paid toward the purchase of the house. Defendant declined, relying on the liquidated damages clause in the contract. When plaintiffs' efforts to recover the purchase monies failed, this action was filed in the circuit court.

The relevant facts are undisputed. The following was taken from the joint statement of uncontested facts filed by the parties with the trial court: (1) plaintiffs contracted with defendant to purchase the house for $152,540; (2) plaintiff paid earnest money to defendant in the amount of $15,252.40; (3) plaintiffs paid defendant $5,632.41 to purchase upgrades to the house prior to the sale; (4) plaintiffs paid $1,751.51 to third parties for other upgrades to the house prior to closing; and (5) plaintiffs paid $150 to the local school district in order to receive a building permit. The total paid toward the purchase of the home was $22,786.32.

After discovery was conducted, plaintiffs filed a motion for summary judgment and defendant filed a cross-motion for summary judgment. Plaintiffs' motion urged the trial court to find the liquidated damages clause to be unenforceable, that the monies paid toward the house be returned under theories of unjust enrichment and rescission, and that prejudgment interest be granted. Defendant's motion sought a declaration that the liquidated damages clause was enforceable and

that it was entitled to all monies paid toward the house. Defendant further requested that the court declare that it was entitled to seek actual and consequential damages pursuant to a breach of contract theory.

The trial court granted partial summary judgment in favor of plaintiffs, finding that the liquidated damages clause was an unenforceable penalty. The court denied plaintiffs' motion for summary judgment on the remaining issues. Defendant's motion for summary judgment on the first issue was denied. Count II of its counterclaim, which related to the second issue in defendant's motion for summary judgment, was voluntarily dismissed. The court further instructed the parties to file a motion and briefs, based on the court's grant of partial summary judgment, to determine how the funds should be disbursed. The court also indicated that it would render its ruling on the plaintiffs' other issues when it decided the disbursement issue.

After the parties complied with the trial court's instructions, the court issued its order. The court denied the plaintiffs' prior motion for rescission, granted the motion relative to unjust enrichment and ordered the defendant to return $11,894.16 of the purchase monies applied toward the house. The trial court reasoned that the plaintiffs were entitled to the entire $22,786.32 they paid to the defendant minus the $10,892.16 in "expenses" that the defendant incurred as a result of plaintiffs' failure to close. The trial court further denied the plaintiffs' request for prejudgment interest.

Plaintiffs appeal from the order of the trial court, alleging that the trial judge did not take into consideration the sale price of the house to the third party and that no actual damages were suffered by defendant notwithstanding the "expenses" incurred by defendant. Plaintiffs also allege that the trial court abused its discretion by denying prejudgment interest.

## ANALYSIS

Plaintiffs contend the trial court erred by failing to order defendant to return all monies paid toward the purchase of the house because defendant suffered no actual damages. Plaintiffs rely primarily on *Grossinger Motorcorp, Inc. v. American National Bank & Trust Co.*, 240 Ill. App. 3d 737, 640 N.E.2d 1337 (1992). Defendant contends that plaintiffs are either entitled to no return or that the trial court should have allowed only $5,894.93 in damages.[1] Defendant's basis is that the instant case is factually distinguishable from *Grossinger*.

---

[1]Defendant attempted to file a cross-appeal, but mistakenly designated itself as the "defendant-appellant." The notice of appeal was assigned a separate appeal number in the clerk's office and later dismissed for want of

The uncontested facts establish that defendant was willing and able to sell the house at the contract price on two occasions before selling the house to a third party. The house was sold to the third party for $175,000, the upgrades had been made and the school district fee had been paid for by plaintiffs. Defendant did incur costs of $10,892.16 that it would not have incurred if it had sold the house to plaintiffs.

Plaintiffs argue that when a liquidated damages clause is held to be unenforceable, the nonbreaching party is only entitled to recover actual damages.[2] *Grossinger*, 240 Ill. App. 3d at 752. Plaintiffs contend that defendant did not suffer any actual damages resulting from plaintiffs' breach because defendant sold the house for $22,460 more than it would have received if it had sold the house to plaintiffs. Essentially, plaintiffs claim that all monies should be returned because defendant profited from the sale of the house to the third party in the amount of $11,567.84[3] after subtracting the cost incurred as a result of plaintiffs' failure to close.

Defendant claims that only $5,894.93 of the monies should be returned to plaintiffs. Without citing to any authority, defendant calculates its damages as follows: $142,465.50 cash received from the third party at closing minus $10,892.16 (expenses incurred as a result of plaintiffs' failure to close) for a total of $131,573.34 received from the sale of the house. Defendant then subtracted the amount it would have received from plaintiffs at closing, $125,678.41, to arrive at the amount of $5,894.93.

■ Relative to the recovery of damages by a seller when a liquidated damages clause in a real estate contract is an unenforceable penalty, *Grossinger* lays down a clear rule that only "actual damages" are recoverable. *Grossinger*, 240 Ill. App. 3d at 752. In *Grossinger*, the plaintiff auto dealer sued the defendant seller of real estate seeking return of its earnest money paid to defendant to purchase land. The defendant held the earnest money pursuant to an optional liquidated damages clause when the plaintiff failed to obtain rezoning from the village where the land was situated. The defendant then sold the land

---

prosecution. On the eve of oral argument, defendant filed a motion to correct the record and we denied defendant's motion. However, even had defendant properly filed a cross-appeal, our decision in this case would be unchanged.

[2]Defendant concedes that the liquidated damages clause was an unenforceable penalty and does not dispute the trial court's ruling.

[3]This amount is calculated as follows: $175,000 (the sale price to the third party) minus the plaintiffs' contract price of $152,540 for a difference of $22,460, minus the costs incurred by defendant of $10,892.16. The total profit, taking into consideration all expenses incurred by defendant, was $11,567.84.

to a third party for $1,250,000 more than the plaintiff's contract. The trial court awarded the earnest money to the defendant as liquidated damages because the plaintiff breached the contract. *Grossinger*, 240 Ill. App. 3d at 738-39.

In *Grossinger*, the defendant did not suffer actual damages because it sold the land at a substantially higher price than the original contract price. *Grossinger*, 240 Ill. App. 3d at 752. This court found the liquidated damages clause to be unenforceable. *Grossinger*, 240 Ill. App. 3d at 750. We further determined that, because the liquidated damages clause was unenforceable, the defendant was only entitled to recover "actual damages" resulting from the breach. *Grossinger*, 240 Ill. App. 3d at 752.

■ The purpose of damages is to place the nonbreaching party in a position that he or she would have been in had the contract been performed, not to provide the nonbreaching party with a windfall recovery. *American National Bank & Trust Co. of Chicago v. Erickson*, 115 Ill. App. 3d 1026, 1030, 452 N.E.2d 3 (1983); *Grossinger*, 240 Ill. App. 3d at 752.

■ In the instant case, the facts are undisputed that defendant sold the property for $22,640 more than the contract price promised to plaintiffs. Defendant incurred $10,892.16 in costs due to plaintiffs' failure to close. Since defendant profited from the sale of the house to the third party, notwithstanding the costs incurred as a result of plaintiffs' breach, defendant incurred no actual damages. Here, the trial court erred by not ordering defendant to return the entire sum of plaintiffs' purchase monies.

■ Plaintiffs also contend that the trial court abused its discretion by denying plaintiffs prejudgment interest on the earnest money that defendant improperly withheld. In Illinois, prejudgment interest is available in equity without the need of statutory authority. *Finley v. Finley*, 81 Ill. 2d 317, 332, 410 N.E.2d 12 (1980). Plaintiff argues that prejudgment interest is necessary to fulfill the equitable goal of making the plaintiffs whole. Plaintiffs rely on *Finley*, 81 Ill. 2d at 332, *People ex rel. Hartigan*, 148 Ill. 2d 348, 405-06, 592 N.E.2d 1066 (1992), and *In re Estate of Wernick*, 127 Ill. 2d 61, 86, 535 N.E.2d 876 (1989). While not analogous, we consider *Finley*, *Hartigan*, and *Wernick* to be instructive relative to whether prejudgment interest can be imposed in the instant case. Prejudgment interest may be recovered when warranted by equitable considerations and disallowed if such an award would not comport with justice and equity. *Finley*, 81 Ill. 2d at 332. The determination of whether circumstances support an award of interest is within the sound discretion of the trial court. *In re Estate of Wernick*, 127 Ill. 2d at 87. Such a determination will not be disturbed

on review unless it constitutes an abuse of discretion. *Finley*, 81 Ill. 2d at 332.

Here, plaintiffs urge this court to reverse the trial court's decision to deny prejudgment interest because the trial court failed to adequately consider the merits of their request. Plaintiffs rely on *West Suburban Bank v. Lattemann*, 285 Ill. App. 3d 313, 318, 674 N.E.2d 149 (1996). In *West Suburban Bank*, the trial court failed to consider a request for interest where a party was allowed to benefit from the use of money resulting from an improper judgment that was later reversed. *West Suburban Bank*, 285 Ill. App. 3d at 318.

In *West Suburban Bank*, the trial court refused to consider prejudgment interest, finding that the plaintiff's request for interest was moot. *West Suburban Bank*, 285 Ill. App. 3d at 315. In our view, *West Suburban Bank* is instructive, although, here, the trial court did not refuse to consider the request but, rather, rejected the request for prejudgment interest, stating that plaintiffs caused defendant to incur expenses due to plaintiffs' failure to close.

Here, the profits exceed the expenses. Even accepting the trial court's finding that plaintiffs' breach of the contract caused defendant to incur the "expense" of again putting the property up for sale, any expenses incurred, unless such expenses exceed profits, do not constitute a predicate for denying prejudgment interest.

Equitable interest may be awarded as a part of restoration due a party upon reversal of a judgment. *Ryan v. City of Chicago*, 274 Ill. App. 3d 913, 919-20, 654 N.E.2d 483 (1995); *Hutson v. Wood*, 263 Ill. 376, 393, 105 N.E. 343 (1914). The amount of prejudgment interest that may be allowed depends on all the circumstances and the determination is within the trial court's discretion. *West Suburban Bank*, 285 Ill. App. 3d at 318. A trial court properly exercises its discretion when it assumes the relevant facts, applies the proper legal standard and reaches a reasonable conclusion. 5 Am. Jur. 2d *Appellate Review* § 695 (Supp. 1999). In the instant case, the trial court decided to allow defendant some recovery even though defendant did not incur actual damages and was entitled to no recovery. As a result, the trial court did not apply the proper legal standard and reach a reasonable conclusion. Therefore, the trial court abused its discretion.

The judgment of the circuit court is reversed and this case is remanded with directions to the trial court to allow plaintiffs full recovery in the amount of $22,786.32 and to also conduct proceedings

420

to determine the amount of prejudgment interest that plaintiffs are allowed to receive.

Reversed and remanded with directions.

McNULTY and COHEN, JJ., concur.