2020 IL App (2d) 190125-U
No. 2-19-0125
Order filed March 11, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| WEST SUBURBAN BANK, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 08-CH-4874 |
| | ) | |
| ADVANTAGE FINANCIAL PARTNERS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | Honorable |
| (Unknown Owners and Non-Record | ) | Paul M. Fullerton, |
| Claimants, Defendants). | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court correctly found that it lacked jurisdiction to consider motion to reopen the case and surplus petition filed almost three years after final order dismissing the case; case remanded for entry of dismissal order.

¶ 2    Three years after the entry of a final order disposing of consolidated foreclosure cases, the appellant, Advantage Financial Partners, LLC (AFP), filed a petition for turnover of a surplus allegedly held by the appellee, West Suburban Bank (WSB), and a motion to reopen the case. The

trial court denied the motion to reopen and later denied AFP's motion to reconsider. This appeal followed. We vacate the orders and remand with directions to dismiss for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4            A. Preliminaries: WSB Obtains But Later Vacates Foreclosure Judgments

¶ 5      These two parties have been locked in litigation for over a decade, and the factual background has been detailed in other opinions and orders (see, *e.g.*, *West Suburban Bank v. Advantage Financial Partners, LLC (WSB 2014)*, 2014 IL App (2d) 131146). Accordingly, we set out here only those facts pertinent to this appeal.

¶ 6      WSB loaned AFP $10 million. AFP defaulted on the loan and WSB foreclosed upon about two dozen properties that secured the loan. However, WSB employed an unlicensed process server to serve the foreclosure summonses and complaints. AFP sought to vacate almost all of the foreclosure judgments (all of which were default judgments) on the ground that this defect in process meant that WSB never obtained personal jurisdiction over AFP and thus those judgments were void. The cases in which AFP filed motions to vacate were consolidated under this case (No. 08-CH-4874). In November 2014, we issued an opinion agreeing with AFP's argument and finding that the challenged judgments were void for lack of personal jurisdiction. *WSB 2014*, 2014 IL App (2d) 131146, ¶ 21. We noted that, as the defect in service did not appear on the face of the documents and as AFP had disclaimed any wish to undo the sales of the foreclosed properties to third parties, those sales would not be affected by our decision. *Id*. ¶ 27. We remanded the cases to the trial court for further proceedings consistent with our decision. *Id*. ¶ 30.

¶ 7      Accordingly, in March 2015, WSB filed a motion in the consolidated cases to set aside the judgments, on the basis that the law of the case was that the judgments were void. The motion was set for hearing, and AFP was given time to (but did not) file a response. On May 6, 2015, the

trial court granted WSB's motion and vacated the default judgments in the consolidated cases. The trial court continued the matter to the following day so that WSB could present (1) a draft order specifically listing all of the case numbers and properties affected, and (2) its motion to voluntarily dismiss its complaint in each of those cases. On May 7, 2015, the trial court entered the voluntary dismissal order and the order listing all the cases and properties affected. AFP filed a timely motion to reconsider the orders vacating the default judgments and granting the voluntary dismissals. It also moved to conduct further proceedings on remand. On July 28, 2015, the trial court denied both motions. No appeal was taken, and the case was thereafter closed.

¶ 8                     B. Meanwhile: Litigation About the "Surplus"

¶ 9      Back when the foreclosures were filed, AFP owed WSB more than $5 million. Even after all of the properties in the consolidated cases were sold, there remained a deficiency. However, WSB bid $5 million on one property in Cook County that had been valued at $145,000, and that bid was successful. (WSB, which was both the seller and the purchaser at the sheriff's sale, apparently did not realize that it had made such a large bid.) In November 2009, the trial court entered an order confirming the sale and noting that, because $5,936,632.02 purportedly had been owed, there remained a deficiency of $936,632.02 after the sale.

¶ 10      AFP apparently discovered the large sale price for itself, and it took two actions. First, it decided not to challenge the judgment entered in that case (Surplus Case). Thus, the Surplus Case was not made part of the consolidated cases. Second, it filed a motion in one of the consolidated cases arguing that, as a result of the $5 million proceeds in the Surplus Case, AFP's debt to WSB had been satisfied. That motion was denied, in part on the basis that the $5 million purchase price appeared to be an error.

¶ 11    Realizing the problem it had created, in April 2013 WSB filed a motion in the Surplus Case, seeking an order to direct the sheriff to correct the report of sale to show what WSB contended was its intended bid: $125,000.  The trial court denied this motion, and the First District appellate court affirmed, finding that the request did not meet the requirements for a *nunc pro tunc* order and there was no other basis for jurisdiction.  See *West Suburban Bank v. Advantage Financial Partners, LLC (Surplus Appeal I)*, 2015 IL App (1st) 142110-U, ¶ 4.  After our decision in *WSB 2014* that the judgments in all of the consolidated cases were void because the process server was unlicensed, WSB made a second attempt, filing a motion under section 2-1401 of the Code of Civil Procedure (Code), 735 ILCS 5/2-1401 (West 2012).  WSB asserted that, as it had used the same process server in the Surplus Case as in the consolidated cases, the judgment in the Surplus Case was likewise void.  The trial court denied the motion, finding that WSB did not have standing to raise the issue of personal jurisdiction over AFP where AFP had not (in the Surplus Case) raised that defense itself.  Again, the appellate court affirmed.  See *West Suburban Bank v. Advantage Financial Partners, LLC (Surplus Appeal II)*, 2019 IL App (1st) 170831-U, ¶ 2.

¶ 12    In 2016, AFP sought to take advantage of the large sale price in the Surplus Case by filing an action in Cook County (Restitution Action) that sought "restitution" of a purported $3.5 million surplus allegedly realized by WSB when all of the foreclosure judgments were added together. The trial court dismissed the action on several grounds, including that AFP could not state a cause of action for restitution because it still owed WSB money under the notes it had executed.  AFP filed an appeal from this order, but the appeal was dismissed for lack of prosecution.

¶ 13                              C. Current Proceedings

¶ 14    After the Restitution Action failed, AFP decided to take another stab at seeking the purported surplus, this time attempting to proceed in this case, which includes the consolidated

cases. In July 2018, almost three years after the final order in the case, AFP file a petition for turnover of surplus funds. It did not set a date to present the petition to the court, nor did it file a certificate of service for the petition. About a month later, AFP filed a motion to reopen the case so that it could present its surplus petition. AFP attached the surplus petition as an exhibit to the motion.

¶ 15 WSB filed a response to the motion, arguing that it should be denied because: (1) it was untimely under section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2016)), which governs post-judgment motions; (2) it was barred by the law of the case, specifically the court's prior denial of AFP's 2015 motions to vacate the dismissal of the cases and to conduct further proceedings; and (3) it was barred by *res judicata* because AFP's 2016 Restitution Action resulted in a final judgment on the same issue between the same parties. The trial court agreed with WSB on all of these points, and on October 18, 2018, it entered an order denying AFP's motion to reopen the case. It subsequently denied AFP's motion to reconsider.

¶ 16                                II. ANALYSIS

¶ 17 On appeal, AFP argues that the trial court erred in adopting each of the three arguments raised by WSB. Of course, we need only determine whether any of the three bases for the trial court's decision is valid. As long as there is at least one proper legal basis for the trial court's decision, we must affirm it. All three arguments present issues of law, so our review is *de novo*. *People v. Brown*, 225 Ill. 2d 188, 198 (2007).

¶ 18                        A. Timeliness and Jurisdiction

¶ 19 In the trial court, WSB argued that the motion to reopen the case was a postjudgment motion pursuant to section 2-1203 of the Code and that it therefore was untimely, as it was not filed within 30 days of the judgment. See 735 ILCS 5/2-1203(a) (West 2016) ("In all cases tried

without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief."). WSB asserted that the trial court therefore lacked jurisdiction to hear the motion.

¶ 20 AFP countered that its surplus petition was brought under section 15-1512(d) of the Code (*id*. § 15-1512(d)), not under section 2-1203. In its motion to reconsider, AFP further argued that its position was supported by an opinion that had been issued after the trial court ruled: *JP Morgan Chase Bank, N.A. v. Talaganov*, 2018 IL App (1st) 180578. We find *Talaganov* distinguishable on its facts and agree that the trial court lacked jurisdiction to entertain the motion to reopen and the surplus petition.

¶ 21 In *Talaganov*, the principal lender filed a foreclosure action, and the junior lienor filed an answer asserting its junior priority and seeking any surplus funds from the sale. *Id*. ¶ 5. The junior lienor was not present when the judgment of foreclosure was entered, but the trial court found that the junior lienor had "a valid and subsisting lien in the amount TBD" that was junior to the lien of the plaintiff. *Id*. ¶ 7. The judicial sale resulted in a surplus. Fifty-four days after judgment was entered, the junior lienor filed a petition seeking turnover of the surplus, directed toward the presiding judge of the chancery division. The presiding judge granted the junior lienor's petition, holding that a surplus petition was a "separate proceeding" and the court therefore could distribute the surplus more than 30 days after the judgment. *Id*. ¶ 10.

¶ 22 The appellate court agreed that the trial court had jurisdiction to consider the surplus petition. Importantly, this determination was based on the long-standing principle that a trial court retains jurisdiction until it has disposed of all matters pending before the court. *Id*. ¶ 16 (citing *Armour & Co. v. Mid-America Protein, Inc.*, 37 Ill. App. 3d 75, 77 (1976)). In *Talaganov*, the

judgment of foreclosure stated that the junior lienor had a valid lien, but the amount of that lien was never determined. Accordingly, the trial court had jurisdiction to adjudicate the matter left unresolved by the judgment—the amount of the junior lien and the distribution of the surplus in partial satisfaction of that lien. *Id*. ¶ 17 ("[e]ven if the [judgment] did not expressly reserve the court's jurisdiction to determine the amount, it must be given that effect in order for the circuit court to dispose of all matters before it").

¶ 23    The appellate court then addressed the fact that the trial judge who heard the foreclosure never determined the amount of the junior lien and instead this determination was made by the presiding judge, saying that a surplus petition is "a separate proceeding under section 15-1512 of the Code." *Id*. ¶ 18. The appellate court also noted that section 15-1512(d) directs the party conducting the sale (here, the sheriff) to hold any surplus until "further order of court," but it does not establish any time frame in which such an order must be obtained (other than before "the surplus is forfeited to the State."). *Id*. ¶ 22 (quoting 735 ILCS 5/15-1512(d) (West 2016)). It is these latter statements that AFP seizes on to support its argument that it did not need to seek turnover of the purported surplus within 30 days after the judgment.

¶ 24    AFP's reliance on *Talaganov* is misplaced. Unlike in *Talaganov*, there is no basis for the continuing exercise of jurisdiction here because the final orders entered in May and July 2015 did not leave any matters unresolved. To the contrary, those orders vacated all of the judgments entered in the consolidated cases and then dismissed those cases. Thus, there is not even a "case" that can be reopened here. Because no matters remained pending after July 2015, the trial court's jurisdiction lapsed.

¶ 25    On appeal, AFP also argues that its position is supported by our decision in *West Suburban Bank v. Latteman*, 285 Ill. App. 3d 313 (1996). But that case did not involve any question of

jurisdiction: the appellant filed the motion at issue while the case was still pending in the trial court. Here, by contrast, all proceedings in the trial court had concluded and the trial court's jurisdiction had lapsed long before AFP filed its surplus petition and motion to reopen. *Latteman* does not assist AFP.

¶ 26 Once a trial court's jurisdiction over the underlying case has lapsed, the court loses any authority to address any subsequent motions on the merits. *People v. Flowers*, 208 Ill. 2d 291, 306 (2003). The only continuing power the circuit court possesses over the case at that point is "limited to enforcement of the judgment or correction of clerical errors or matters of form so that the record conform[s] to the judgment actually rendered" (*i.e.*, *nunc pro tunc* corrections to the record). *Id.* at 306-07. Neither of those situations was present here: as the judgments had been vacated and the cases had been dismissed, there was no longer any judgment to enforce, and AFP's motion to reopen and surplus petition did not seek any *nunc pro tunc* correction of the record. The trial court correctly found that it lacked jurisdiction to hear the surplus petition.

¶ 27 To the extent that AFP may view this result as inequitable, we note that AFP knew of the purported surplus arising in the Surplus Case no later than 2013. Nothing prevented it from raising its current concerns about that surplus before the trial court back in 2015, when WSB moved to vacate the judgments in the consolidated cases and dismiss those cases. However, it filed no response to WSB's motions. When it did move to reconsider the dismissals and conduct further proceedings in the cases, it never mentioned the existence of the purported surplus. Further, AFP chose not to appeal the denial of its motions, with the result that the dismissals became final. AFP cannot now complain that the dismissals did not properly consider the purported surplus.

¶ 28                                    B. Other Arguments

¶ 29    Because the trial court had no jurisdiction to entertain AFP's motion to reopen or the surplus petition, our own appellate jurisdiction is also limited. We can consider only whether the trial court's determination regarding jurisdiction was correct. See *Flowers*, 208 Ill. 2d at 307 (where a circuit court had no jurisdiction to consider a filing, the appellate court has no authority to consider the merits of any judgment entered by the circuit court; instead, "[t]he only matter properly before the appellate court [is] the circuit court's lack of jurisdiction"). Thus, we cannot address any of the other arguments raised by the parties.

¶ 30                                    III. CONCLUSION

¶ 31    We note that there is an error in the record. In its oral rulings, the trial court plainly stated that it believed it did not have jurisdiction to hear AFP's motion or petition, as its jurisdiction had lapsed in 2015. However, the trial court also made substantive rulings on the parties' other arguments regarding law of the case and *res judicata*. Perhaps because of the variety of rulings, the written order stated only that the motion to reopen was denied. Our supreme court has issued clear instructions, however, that when a court lacks jurisdiction its only course is to dismiss the case. *Flowers*, 208 Ill. 2d at 307. Accordingly, we vacate the orders entered by the trial court (denying the motion to reopen and the motion to reconsider) and remand with directions for the trial court to dismiss the case.

¶ 32    For the reasons stated, the judgment of the circuit court of Du Page County is vacated and the cause is remanded with directions to dismiss for lack of jurisdiction.

¶ 33    Vacated; cause remanded with directions.